974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tommy Carl MOORE, Plaintiff-Appellant,
v.
B.J. MOORE, Sheriff of Bryan County at Durant, Oklahoma,
Defendant-Appellee.
 No. 92-7049.
 United States Court of Appeals, Tenth Circuit.
 Sept. 11, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Tommy Carl Moore appeals the dismissal of his 42 U.S.C. § 1983 complaint against the defendant sheriff of Bryan County, Oklahoma. The complaint asserted that defendant placed plaintiff, an admitted "jailhouse lawyer," into solitary confinement to prevent him from advising or otherwise contacting other inmates to assist them in preparing legal pleadings. He also alleged he was isolated in retaliation for a civil rights suit he filed earlier against defendant, and that a pleading was confiscated. Plaintiff asserted that defendant made the following statement to him at the time defendant placed plaintiff in a segregated cell:
 
 
 3
 Tommy, I'm not going to allow you to be in the GENERAL POPULATION, where you will be able to assist other Inmate's [sic] in preparing lawsuits and/or complaints against me. I've got enough problems with your suits at this time, and I surly [sic] don't need any more. If the Court's [sic] want to know why I'm holding you in Solitary Confinement, I will inform them that the jail is over-crowded and that I do not have anywhere else to put you. I believe that will satisfy the courts enough.
 
 
 4
 There is no way that I'm going to allow you to talk and/or help anyone in this jail on legal matters and I'm also not going to allow you to talk to anyone but myself while you are confined to this facility, and that's that.
 
 
 5
 I R. tab 3 at 3A. Plaintiff also asserts that defendant placed a sign in the jail corridor to the effect that other inmates would lose trusty status if found in the portion of the jail where plaintiff's cell was located.
 
 
 6
 Considering these allegations, Judge H. Dale Cook found the complaint stated a cause of action. Id. tab 8. The case was later reassigned to Judge Frank H. Seay, who entered the order of dismissal, finding there was no cause of action. Id. tab 58.
 
 
 7
 Insofar as the complaint is viewed as one in which plaintiff is asserting that other inmates, not parties to this litigation, are deprived of plaintiff's services as a jailhouse lawyer, the district court's dismissal was correct. "Prison inmates do not possess the right to a particular prisoner's help in preparing their legal materials, so long as prison officials make other assistance available." Smith v. Maschner, 899 F.2d 940, 950 (10th Cir.1990). Plaintiff "does not have a protected interest in providing legal representation to other inmates." Id. Prison authorities have a constitutional mandate to provide adequate access to legal assistance. Plaintiff has not alleged that his fellow inmates have been altogether deprived of access to the courts or unduly hindered in pursuing their remedies. Even holding plaintiff's complaint to a less stringent standard than pleadings drafted by attorneys, Haines v. Kerner, 404 U.S. 519 (1972), we do not find a cause of action for denial of access to the courts has been stated by plaintiff on behalf of the general prison population or fellow prisoner Milstead specifically.
 
 
 8
 Insofar as plaintiff is asserting that he personally was placed into administrative segregation in retaliation for exercising his own constitutional rights in filing a civil action against defendant, plaintiff states a cause of action. Retaliation against an inmate for exercising his right to access the courts violates both the inmate's First Amendment rights and right to court access. Smith, 899 F.2d at 947-48. A prisoner is not entitled to a particular cell assignment. Twyman v. Crisp, 584 F.2d 352 (10th Cir.1978). However, administrative discretion may not be based upon improper motives. Smith, 899 F.2d at 948. Here, plaintiff alleges segregation in isolation in retaliation for having previously filed a § 1983 case. No contentions are made here that the conditions in a "solitary confinement" cell were any different than in the other cells except for the isolation from the general inmate population. But isolation is more punitive than normal celling and plaintiff has so alleged. Plaintiff has the burden of proving the motivating factor for his isolation was as he alleges, and the nature and length of his confinement may only entitle him to nominal damages. Nonetheless, he stated a cause of action and dismissal was inappropriate.
 
 
 9
 AFFIRMED in part, REVERSED in part.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3